**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
**CHARLES D. AUSTIN**
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
MDD_CDAChambers@mdd.uscourts.gov

July 9, 2026

LETTER TO ALL COUNSEL OF RECORD

Re:     *Timothy H. v. Frank Bisignano, Commissioner, Social Security Administration*[1]
        Civil No. 22-2841-CDA

Dear Counsel:

Pursuant to Local Rule 105.10, Plaintiff Timothy H. ("Plaintiff") filed a Motion to Reconsider ("Motion") the Court's October 16, 2023 Memorandum Opinion and Order (the "October 16, 2023 Decision") affirming the Social Security Administration's ("SSA's" or "Defendant's" or "Commissioner's") judgment and closing this case. *See* ECF 20. Defendant filed a Response in Opposition. *See* ECF 23. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons explained below, the Court will DENY Plaintiff's Motion to Reconsider.

The Court's review of an ALJ's decision is limited to determining whether substantial evidence supports the ALJ's findings, *see* 42 U.S.C. § 405(g), and whether the ALJ properly applied the relevant legal standards, *see Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). When deciding whether to reconsider its affirmance of an ALJ's decision under Local Rule 105.10, the Court uses the standard relevant to motions for reconsideration brought under Federal Rule 59(e). *See Crocetti v. Comm'r, Soc. Sec. Admin.*, No. SAG-17-1122, 2018 WL 3973074, at *1 (D. Md. Aug. 1, 2018). Under 59(e), the Court may amend a prior decision if: (1) there has been an intervening change of controlling law; (2) new evidence has become available; or (3) "there has been a clear error of law or a manifest injustice." *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 407 (4th Cir. 2010). "The grounds for reconsideration are purposefully narrow to prevent the motion from being used to ask the Court to rethink what the Court had already thought through—rightly or wrongly." *Crocetti*, 2018 WL 3973074, at *1 (internal citation omitted). The first two criteria are inapplicable here, and Plaintiff fails to satisfy the third criteria.

Plaintiff avers that the Court's October 16, 2023 Decision "contains manifest errors of both law and fact" with respect to its discussion of the ALJ's assessment of Plaintiff's CPP limitations. ECF 20, at 1. Specifically, Plaintiff argues that the Court failed to address his argument that the ALJ contravened Social Security Ruling ("SSR") 96-8p by failing to provide a narrative discussion

---

[1] Plaintiff filed this case against Kilolo Kijakazi, the Acting Commissioner of Social Security, on November 3, 2022. ECF 1. Frank Bisignano became the Commissioner of Social Security on May 7, 2025. Accordingly, the Court substitutes Commissioner Bisignano as this case's Defendant pursuant to Federal Rule of Civil Procedure 25(d). *See* Fed. R. Civ. P. 25(d).

*Timothy H. v. Bisignano*
Civil No. 22-2841-CDA
July 9, 2026
Page 2

to support the conclusion that Plaintiff's CPP limitations could be accommodated by a prohibition against "fast-paced production standards[.]" *Id.* at 2. Thus, Plaintiff asks the Court to reverse its decision and remand the case to the SSA. *Id.* at 7. Defendant counters that reconsideration is improper because the ALJ's analysis "complies with the governing regulations and the applicable caselaw" and because Plaintiff "has not shown that the Court 'patently misunderstood' the issues or committed an 'error . . . of apprehension.'" ECF 23, at 3 (omission in original). For the reasons explained below, the Court agrees with Defendant's position.

As explained in the October 16, 2023 Decision, "the ALJ noted that while Plaintiff had recently been described by treating physicians as 'having intact attention and concentration,' he had also, 'at times, appeared distractable.'" ECF 18, at 4 (quoting Tr. 143). The ALJ "noted that '[s]ome concentration problems were observed' by Plaintiff's treating sources because Plaintiff 'was often off-topic[.]'" *Id.* (quoting Tr. 146) (brackets in original). The Court highlighted that "the ALJ also cited evidence which suggested that Plaintiff's attention and concentration 'could be easily redirected.'" *Id.* (quoting Tr. 146). As such, the Court found that "[g]iven this analysis, the ALJ's decision provides the requisite 'logical bridge' connecting the evidence of Plaintiff's concentration issues to the RFC provision restricting Plaintiff from hourly quotas and assembly-line work." *Id.* (quoting *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018)). The Court concluded that "a careful review of the ALJ's decision reveals that the ALJ provided substantial evidence for the RFC provision which restricts Plaintiff from assembly-line work and hourly quotas." *Id.*

Plaintiff insists that the ALJ failed to provide a narrative discussion explaining how the Plaintiff's limitations are supportive of the ALJ's limitation in the RFC that Plaintiff "should perform no work involving fast-paced production standards such as assembly line work or hourly quotas[.]" ECF 20, at 2-7. Even if the ALJ could have provided a more robust narrative discussion pursuant to SSR 96-8p, such a failure alone does not control the outcome. *See* ECF 18, at 4. It remains Plaintiff's burden to articulate why this failure warrants remand. *See Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) ("[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency determination."); *see also Smith v. Colvin*, No. TMD-15-1694, 2016 WL 5147195, at *10 (D. Md. Sept. 20, 2016) (finding harmless error where the claimant failed to demonstrate how the result would have changed had the ALJ properly addressed the claimant's cognitive difficulties in the RFC analysis); *cf. Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995) (the applicant bears the burden of production and of proof during the first four steps of the inquiry). As the October 16, 2023 Decision explained, Plaintiff "fails to explain how a more detailed explanation of the mental RFC (or the inclusion of a different RFC provision directed at Plaintiff's CPP limitations) might change the outcome of this case." ECF 18, at 4.

Accordingly, where, as here, there is no evidence that a more robust analysis would lead to a different (or more Plaintiff-favorable) result, an ALJ's apparent lack of narrative discussion constitutes harmless error. *See Turner v. Colvin*, No. 13-0761, 2015 WL 502082, at *11 (M.D.N.C. Feb. 5, 2015), *report and recommendation adopted*, No. 13-0761, 2015 WL 12564210 (M.D.N.C. Mar. 6, 2015) ("Plaintiff has not made any attempt to show how a more complete analysis would have resulted in a more restrictive RFC or a different outcome in the case and, thus,

*Timothy H. v. Bisignano*
Civil No. 22-2841-CDA
July 9, 2026
Page 3

such harmless error does not warrant remand."); *see also Brown v. Astrue*, No. JKS-09-1792, 2011 WL 129006, at *2 (D. Md. Jan. 14, 2011) ("Having identified no evidence to suggest that his obesity caused greater limitations than the ALJ assigned, [Plaintiff] has shown no basis for remand."). At bottom, Plaintiff asks the Court to "re-think what the Court already thought through, – rightly or wrongly," which is an improper basis for reconsideration. *Crocetti*, 2018 WL 3973074, at *1. As such, the Motion fails to establish that reconsideration is necessary here to "correct a clear error or to prevent manifest injustice." *Robinson*, 599 F.3d at 411.

For the foregoing reasons, Plaintiff's Motion to Reconsider, ECF 20, is DENIED. Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion and docketed as an Order.

Sincerely,

/s/

Charles D. Austin
United States Magistrate Judge